{¶ 54} I respectfully dissent from the majority's view that once a detailed and specific recitation of rights is given during a preliminary hearing, a complete recitation must be done again in order to accept voluntary admissions.
 {¶ 55} During his admissions, appellant was represented by counsel, and the trial court inquired of appellant as to his understanding of his plea and his free choice to admit to the charges.
 {¶ 56} I would concur with our brethren from the Sixth District inIn the Matter of Bennette H. (October 31, 1997), Lucas App. No. L-97-1013, wherein the court found absent a specific request to repeat rights, admissions do not become involuntary:
 {¶ 57} "With respect to compliance with Juv. R. 29(B)(2), the record reflects that, while the magistrate summarized the allegations and possible consequences at the adjudicatory hearing, a full and detailed explanation of the contents of the complaint was provided to appellant at the preliminary hearing. Absent a specific request by appellant, his counsel or parents at the adjudicatory hearing, this summary explanation combined with the preliminary hearing information is sufficient to establish substantial compliance with the rule. Accordingly, appellant's first assignment of error is found not well-taken."
 {¶ 58} I would find substantial compliance with Juv. R. 29 sub judice and deny Assignment of Error I. *Page 1